CARNES, Circuit Judge,
concurring in which
HULL, Circuit Judge, joins:
I concur in all of Judge Tjoflat’s opinion except for the second paragraph of footnote 17. The Supreme Court in Gray v. Netherland, 518 U.S. 152, 165-66, 116 S.Ct. 2074, 2082, 135 L.Ed.2d 457 (1996), held that a state loses the right to assert a procedural default defense to a petitioner’s claim in a federal habeas proceeding if the state fails to assert the procedural bar in a timely and appropriate fashion. Which is to say that a state can procedurally default a procedural default defense. Before the Gray decision, this Court had held pretty much the same thing in Esslinger v. Davis, 44 F.3d 1515 (11th Cir.1995), although the state in that case had not merely failed to raise the defense but had actually disavowed it by affirmatively representing to the district court that the petitioner had not procedurally defaulted his claims, id. at 1525-27.
The Esslinger opinion says that even though a state has defaulted on a procedural bar defense by failing to timely raise it or even by disavowing its applicability, the federal court can nonetheless apply the procedural bar against the petitioner’s claim if doing so serves important federal interests. See 44 F.3d at 1524. Those statements are dicta. They are dicta because they go beyond the facts of the Esslinger case itself, in which this Court found no important federal interest to override the state’s disavowal of any procedural bar. They are dicta because they are in no way essential to Esslinger’s holding, which is that because of the state’s own procedural default of the procedural bar defense in that case the federal court could not enforce that bar against the petitioner.
The second paragraph of footnote 17 of Judge Tjoflat’s opinion reiterates in dicta the dicta from Esslinger. Speculation about the possibility of an essential federal interest exception to the rule that a state can waive or default a procedural bar defense is no more essential to our holding here — that Moon’s claim should be decided on the merits and it has none — than the *1319 same speculation was to our holding in Esslinger. I do not join that dicta and thus express no view on whether such an exception might properly be found if there were ever facts and circumstances to support it.